FILED

PROVIDED TO DESOTO C. I.
ON 4/20/23 FOR MAILING
INMATE INITIALS _KM_
OFFICER INITIALS _DC_

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
2110 First Street
Fort Myers, Florida 33901

2023 APR 24  PM 1:39

CLERK US DISTRICT COURT

KENGI N. MERRITT,
        Petitioner,

v.

RICKY D. DIXON, Sec'Y of
Florida Department of Corrections, etc...,
        Respondent.

Case No.: 2:23-CV-00281-JLB-KCD
L.T. Case No.: 502010CF008673AMB

EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS/
FUNDAMENTAL MISCARRIAGE OF JUSTICE EXCEPTION

COMES NOW, Petitioner, Kengi N. Merritt, Pro'se, In propria persona, and moves this Honorable Court to enter a Writ of Habeas Corpus directing Respondent, Ricky Dixon, to produce the body of the above named Petitioner before this Court and "Show-Cause" why this Petitioner should not be granted Immediate Discharge.

As grounds, therefore, Petitioner will show this Court as follows:

Petitioner is currently in the custody of the respondent at DeSoto Correctional Institution Annex. The custody of Petitioner is illegal for the following reasons, to wit:

POINT

Your Petitioner is being unlawfully deprived of his liberty and illegally detained in custody against his will under a judgment and Sentence in the cause, based on trial proceedings that were [v]oid due to the elicited

1

fraudulent evidence of an [u]nauthenticated cell-phone recording of "unident-ified" "male caller" and "female caller" in violation of procedural due process re-quirements of Section 90.901, Fla. Stat., and governing Fed. R. Evid. Code 901 (b) (6) (a), where there was no document (s) (such as a phone record or phone-Contract) with a telecommunications company, indicating the subscribers information, revealing the identities of the speakers, [adduced] by the State, at trial, on the criminal charges was insufficient to establish his [g]-uilt. See Attached Evidence, Exhibit A. (trial transcripts).

The fact is of significant importance in this case, as the number called is a (407) area code for Orlando, Florida, where as petitioner is a resident of Palm Beach County, Florida with an area code of (561) which significantly called into question whether or not the number called was "registered" to Petitioner. Hence, a phone record or phone contract was [essential] to establish whether or not he was the actual speaker.

This lack of authentication on the part of the government, who was made aware of the recordings existence six or seven months before trial, resorted to impermissible techniques to obtain the wrongful conviction. The procedure recognized here that there was official conduct which was so egregious, as to impugn the integrity of the Court, so that the predis-position of Petitioner became irrelevant.

Under the Corpus delicti rule, criminal law, the state has the burden to bring forth [c]ompetent substantial evidence, tending to show the commission of the charged crimes. See 20 Am. Juris. pg. 422, sec. 484, and cases there cited.

Despite the government's non-respect with Federal Rights, and fairness, the Constitutional requirements of due process were not met.

Since, the government failed to [observe] the essential requirements of law — failed to [a]fford Petitioner due process of the law, within the contemplation of the Constitution; fatally infected the Judgment and Sentence and rendered it void.

Nonetheless, the government's decision to arbitrarily and lawlessly deviate from the essential requirements of law, and proceeded meant something far beyond legal error — it meant an inherent [i]llegality or irregularity, an abuse of judicial power, an act of judicial tyranny perpetrated with [disregard] of procedural requirements.

Consequently, the trial upon which the Judgment and Sentence were rendered were null and void, as being in violation of due process and a [grave] miscarriage of justice, resulting in Petitioner's unlawful imprisonment.

WHEREFORE, Petitioner prays that this Petition for Writ of habeas Corpus be issued, directed to the above name Respondent commanding Respondent, Ricky Dixon, to produce the body of Petitioner before this Court at a stated time and place, so that this Court may inquire into the legality of Petitioner's imprisonment hereof.